### In re WEIDENFELD.

(District Court, E. D. New York.   March 10, 1921.)

**Accord and satisfaction** ⊙⟝23—**Remedy for default specified in agreement not exclusive.**

Where a written agreement for settlement of a judgment provided that notes given by the debtor should be secured by a confession of judgment for the full amount of the original judgment, on which judgment might be entered in case of default, the fact that such confession was not executed *held* not to deprive the creditor of a right of action for breach of the contract by failure to rent the notes.

In Bankruptcy. In the matter of Camille Weidenfeld, bankrupt. On review of order of referee expunging claim of the estate of John Byone, deceased. Reversed.

See, also, 257 Fed. 872.

Marshall S. Hagar, of New York City, for the motion.
Frederick W. Frost, of New York City, opposed.

GARVIN, District Judge. The referee has made an order expunging a claim for $588,416.45, filed against the estate of the bankrupt herein by the estate of John Byrne, deceased, which order is now before the court for review. The facts are admitted. On April 11,

---

⊙⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1907, Frank P. Byrne, Elizabeth M. Byrne, and Frank Sullivan Smith, as executors of the will of John Byrne, deceased, recovered a judgment against Weidenfeld (the bankrupt herein) and two others for $395,745.82. Negotiations in connection with a settlement resulted in an agreement in writing under seal, dated April 20, 1909, between the executors and Weidenfeld, by which both parties assumed certain obligations. The executors duly performed all that they were required. This agreement provided in part as follows:

"Second. The payment as aforesaid of the entire principal and interest of all the promissory notes above recited and amounting in the aggregate to one hundred and fifty thousand dollars ($150,000) shall be further secured by a confession of judgment to be delivered at the time of the payment of the twenty-five thousand dollars ($25,000) cash above mentioned, and which shall conform to the provisions of the Code of Civil Procedure, and which shall provide for the entry of judgment as upon contract against Camille Weidenfeld, the second party, for the entire amount of the judgment for three hundred ninety-five thousand, seven hundred forty-five and $^{82}/_{100}$ dollars ($395,-745.82) aforesaid, with the interest thereon, less any payments made under the provisions of this agreement which shall be applied upon the amount due for principal and interest thereon as of the date hereof; such confession of judgment shall be in the form hereto annexed and made a part of this agreement. The second party or his legal representatives, three months prior to the date at which such confession of judgment shall cease to be effective under the provisions of the Code of Civil Procedure, will execute and deliver to the first parties or their assigns a further confession of judgment in proper form under the provisions of the Code of Civil Procedure as they shall then exist for the longest period permitted thereby as security for the payment of the principal and interest of such promissory notes as aforesaid then remaining due, and shall continue so to protect said debt by such confession of judgment in advance of the successive expirations of such periods of evidence, if any, until such promissory notes and the interest thereon are fully paid and discharged according to the terms thereof. Upon any default by the second party or his legal representatives in the performance of this covenant respecting such confession of judgment the entire amount remaining due upon the original judgment shall immediately become due and payable notwithstanding this agreement and judgment may be entered forthwith against the second party therefor. This security by confession of judgment, however, shall not in any manner prevent or interfere with the rights and remedies of the first parties upon such promissory notes in the ordinary course. The obligations of second party created hereunder are founded upon contract."

Weidenfeld delivered the confession of judgment at the time the $25,000 was paid, but never thereafter delivered any further similar confession. The executors did not file the confession which they received, and it expired under section 1275 of the Code of Civil Procedure of the state of New York, which provides:

"At any time within three years after the statement is verified, it may be filed with the county clerk of the county of which the defendant was a resident at the time of making such statement, or, where the sum, for which judgment is confessed, does not exceed $2,000, exclusive of interest from the time of making the statement, with the clerk of the City Court of the City of New York, provided, however, that the defendant at time of making such statement was a resident of the city of New York. Thereupon the clerk must enter, in like manner as a judgment is entered in an action, a judgment for the sum confessed, with costs, which he must tax, to the amount of $15, besides disbursements taxable in an action. If the statement is filed with a county clerk, the judgment must be entered in the Supreme Court; if

it is filed with the clerk of another court, specified in this section, the judgment must be entered in the court of which he is clerk. But a judgment shall not be entered upon such a statement, after the defendant's death."

The learned referee has determined that the agreement constituted an accord and satisfaction between the parties and that by the failure of the executors to file the confession of judgment and to begin suit on the notes within the periods allowed by law they have lost all rights against the estate of the bankrupt. The executors contend that, whether or not the agreement was an accord and satisfaction, which they dispute, it was under seal and therefore their right of action to recover damages upon breach by Weidenfeld is not barred for 20 years.

It will be observed that it is provided by the agreement in paragraph "second," supra:

"Upon any default by the second party or his legal representatives in the performance of this covenant respecting such confession of judgment the entire amount remaining due upon the original judgment shall immediately become due and payable notwithstanding this agreement and judgment may be entered forthwith against the second party therefor."

The referee has held the meaning of this paragraph to be that the only judgment which was available to be entered forthwith was upon the confession of judgment, as no other judgment was then in contemplation or mentioned which could be entered. If this be conceded, and if it be further conceded that the agreement of April 20, 1909, constituted an accord and satisfaction, I am unable to agree with the conclusion that upon default by Weidenfeld there was no right of action for damages against him for breach of contract. The agreement does not provide for the filing of the confession of judgment forthwith, as the only remedy available to the executors, and it appears to be the intent of the parties to fully protect the rights of the executors with respect to Weidenfeld's indebtedness to them. To hold that an actual breach of the contract carried with it no right of action for damages can hardly be said to be in harmony with such intent.

There is, of course, no question but that a claim based upon a sealed instrument is not barred by the statute of limitations until 20 years have lapsed. New York Code of Civil Procedure, § 381.

If these conclusions are correct, it follows that the order of the referee must be reversed, and the estate of John Byrne be given an opportunity to prove the claim, if it desires to submit further proof, with permission to the trustee to be heard and offer evidence in opposition.